UNITED STATES of America,
Plaintiff—Appellee,

v.

Miguel Angel LOPEZ–LARIOS, aka Miguel Angel, aka Miguel Larios, aka Manuel Larios Quesada, aka Miguel Angel Larios, aka John Doe, Defendant—Appellant.

No. 01–50549.

D.C. No. CR–00–01080–GAF–1.

United States Court of Appeals,
Ninth Circuit.

Submitted June 3, 2002.*

Decided June 25, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before ALARCÓN, SILVERMAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM**

Miguel Lopez–Larios appeals from the judgment of conviction for being an alien found in the United States following deportation on four occasions in violation of 8 U.S.C. § 1326. He entered a conditional plea of guilty following the denial of his motion to dismiss the indictment.[1] In seeking reversal, he contends that the order of deportation was not valid because he was not advised by the immigration judge ("IJ") at his 1991 deportation proceedings of the possible grounds for relief from deportation. We affirm because we conclude that Lopez–Larios was not prejudiced by the defect in his deportation proceedings because he has failed to demonstrate that his deportation would have resulted in extreme hardship to his mother.

### I

 This court "reviews de novo the denial of a motion to dismiss an 8 U.S.C. § 1326 indictment when the motion to dismiss is based on alleged due process defects in an underlying deportation proceed-

ing." *United States v. Muro–Inclan,* 249 F.3d 1180, 1182 (9th Cir.2001), *cert. denied, sub nom. Vidrio–Aleman v. United States,* —— U.S. ——, 122 S.Ct. 180, 151 L.Ed.2d 125 (2001). A defendant may collaterally attack the underlying deportation order in a § 1326 prosecution if there was no meaningful opportunity to seek judicial review or where the alien's waiver of his right to appeal was not "considered and intelligent." *United States v. Estrada–Torres,* 179 F.3d 776, 780–81 (9th Cir. 1999). To succeed in a collateral attack on a deportation order, however, the defendant must demonstrate that: "(1) his due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Arrieta,* 224 F.3d 1076, 1079 (9th Cir.2000).

 It is undisputed that Lopez–Larios waived his right to appeal the 1991 deportation order. Lopez–Larios contends that his waiver of the right to appeal his 1991 deportation order was not considered and intelligent because the IJ failed to advise him that he was eligible for relief

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. In accepting Lopez–Larios's plea in this matter, the court failed to inquire of the Government if it consented to the entry of a conditional plea of guilty. The record shows that on June 25, 2001, Lopez–Larios filed a written notice of his intention to enter a guilty plea "conditioned on retaining his right to appeal the court's denial of his motion to dismiss indictment due to unlawful deportation." On June 25, 2001, Lopez–Larios's counsel informed the court that his client was "prepared to enter a plea conditioned on his reserving the right to appeal the court's denial of his motion."

Rule 11(a)(2) of the Federal Rules of Criminal Procedure provides that a defendant may enter a conditional plea of guilty "[w]ith the

approval of the court and the consent of the government ... reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion."

In this matter, the court failed to require the parties to comply with Rule 11(a)(2). The record does not reflect the Government's consent to the plea. Lopez–Larios did not "reserve in writing" his intention to appeal from the denial of his pretrial notice. Instead, through counsel, he merely gave notice that he intended to do so. Nevertheless, because the Government failed to object when the court advised Lopez–Larios that he had preserved the right to appeal, and, notwithstanding the lack of compliance with Rule 11(a)(2), we agree with the Government that it has waived its right to challenge Lopez–Larios's right to prosecute this appeal. We hope that in future cases the court and counsel will fully comply with Rule 11(a)(2).

from deportation under 8 U.S.C. § 1182(h),[2] in violation of the Immigration & Naturalization Service regulation mandating such disclosure to prospective deportees. 8 C.F.R. § 242.17(a) (1991).[3] "Such a waiver is not considered and intelligent when the record contains an inference that the petitioner is eligible for relief from deportation, but the [IJ] fails to advise the alien of this possibility and give him the opportunity to develop the issue." *Muro–Inclan,* 249 F.3d at 1182 (internal quotations omitted).

An alien can obtain relief from deportation pursuant to § 1182(h) if it would cause an "extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter of such alien." 8 U.S.C. § 1182(h)(1)(B) (1991). The record before the IJ disclosed that Lopez–Larios claimed that his mother was a lawful permanent resident. We agree with Lopez–Larios that this evidence was sufficient to alert the IJ that Lopez–Larios was eligible for relief pursuant to § 1182(h). Thus, the IJ had a mandatory duty to advise him of that fact. *Arrieta,* 224 F.3d at 1079. Because the IJ failed to advise Lopez–Larios of his eligibility for relief for deportation, his waiver of the right to appeal from the deportation order was invalid. His due process rights were violated.

## II

■ Turning now to the second prong of the collateral attack test, we must determine whether Lopez–Larios was prejudiced by the due process violation committed at his 1991 deportation hearing. To

demonstrate prejudice from a denial of his due process right to appeal from the deportation order, an alien "does not have to show that he actually would have been granted relief. Instead, he must only show that he had a 'plausible' ground for relief from deportation." *Arrieta,* 224 F.3d at 1079 (citing *United States v. Arce–Hernandez,* 163 F.3d 559, 563 (9th Cir. 1998)). "[A] section [1182(h)] waiver will be granted only where there is 'great actual or prospective injury' or 'extreme impact' on the citizen family member, beyond the 'common results of deportation.'" *Arce–Hernandez,* 163 F.3d at 564 (citing *Shooshtary v. INS,* 39 F.3d 1049, 1051 (9th Cir.1994)).

Lopez–Larios failed to present any evidence of the hardship his mother would suffer if he were to be deported. Economic hardship, and the normal deprivation of familial support associated with separation have been "held to constitute the common results of deportation, and therefore do not constitute extreme hardship." *Muro–Inclan,* 249 F.3d at 1184–85 (internal quotation omitted). We have held that the resulting hardship is extreme where "the defendant had thoroughly documented the many ways in which his support and presence in the United States were valuable to [his lawfully resident family members] *in non-economic terms.*" *Id.* at 1185–86 (citing the facts in *Arrieta,* 224 F.3d at 1082) (emphasis added). Lopez–Larios has failed to demonstrate that he would have plausibly received a waiver of deportation due to the impact his deportation would have on his mother.

2. This waiver is commonly referred to as a " § 212(h) waiver," based on its citation in the Immigration and Naturalization Act. For clarity, we refer to the waiver as a " § 1182(h) waiver," based on its citation as codified in the United States Code.

3. 8 C.F.R. § 242.17(a) (1991) states in relevant part: "The immigration judge shall inform the respondent of his or her apparent eligibility to apply for [a waiver of deportation] and shall afford the respondent an opportunity to make application therefor during the hearing."

## III

Lopez–Larios further asserts that he would have been eligible for a waiver of deportation due to the United States citizenship of his children and his "common-law wife." Lopez–Larios did not disclose the existence of his children or his "common-law wife" in the 1991 deportation proceedings. Accordingly, the record before the IJ did not contain facts that would support an inference that Lopez–Larios was eligible for relief from deportation because he had children and a "common-law wife" who were United States citizens. Accordingly, Lopez–Larios has failed to demonstrate that the IJ violated his right to due process by failing to advise Lopez–Larios that an alien is eligible for relief from deportation if his children or his "common-law wife" are United States citizens. We express no view regarding whether a person who is not married to an alien under the applicable state law is a "spouse" under § 1182(h)(1)(B).

## CONCLUSION

Lopez–Larios has failed to demonstrate that he was prejudiced by the failure of the IJ to inform him during the 1991 deportation proceedings that he was eligible for relief from deportation. Therefore, the district court did not err in denying the motion to suppress the indictment. Because the 1991 deportation proceedings were not invalid, Lopez–Larios's attack on his subsequent deportation proceedings must also fail.

AFFIRMED.